UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NICHOLAS PAVLAK and ADVOCATES FOR DISABLED AMERICANS,<br><br>Plaintiffs,<br><br>v.<br><br>SBKFC d/b/a KFC,<br><br>Defendant. | Civil. No 15-1944 (NLH/JS)<br><br>**OPINION** |

**APPEARANCES:**

ANTHONY J. BRADY, JR.
1 Rose Avenue
PO Box 129
Maple Shade, New Jersey 08052
    Counsel for Plaintiffs

SCHNADER HARRISON SEGAL & LEWIS LLP
By:    Lisa J. Rodriguez, Esq.
        Monica Clarke Platt, Esq.
Woodland Falls Corporate Park
220 Lake Drive East, Suite 200
Cherry Hill, New Jersey 08002

and

SCHNADER HARRISON SEGAL & LEWIS LLP
By:    Samuel W. Silver, Esq. (*pro hac vice*)
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
    Counsel for Defendant

**HILLMAN**, United States District Judge:

This is a disability discrimination suit that comes before the Court on Defendant's Motion to Dismiss and Motion for a More Definite Statement ("Def.'s Mot.") [Dkt. No. 5] and Plaintiffs' Cross Motion to Dismiss ("Pls.' Cross Mot.") [Dkt. No. 9].[1] Defendant SBKFC seeks two different forms of relief: (1) they seek to dismiss plaintiff Advocates for Disabled Americans ("ADFA") for lack of standing; and (2) they seek to compel a more definite statement as to plaintiff Nicholas Pavlak's ("Pavlak") claims. Plaintiff's Cross Motion seeks to dismiss the federal claim and remand the state law claim, while also consenting to provide a more definite statement as to Pavlak's claims. For the reasons that follow, Defendant's Motion is **GRANTED-IN-PART** and **DENIED-IN-PART** and Plaintiffs' Cross Motion is **DISMISSED AS MOOT**.

I.    BACKGROUND

The following facts are alleged in the Complaint. Plaintiff Nicholas Pavlak is disabled and uses a walker and/or wheelchair. Pavlak is originally from southern New Jersey and is often in New Jersey despite now residing in Florida. On at least February 11, 2014, Pavlak patronized defendant's restaurant, a Kentucky Fried Chicken ("KFC")[2] located at Route 130 and High Street in Burlington County, New Jersey.

During his visit, he found that there was improper parking and improper routes for the disabled bathrooms. As a result of this, Pavlak sustained distress and anger. Pavlak intends to

---

[1] Plaintiffs' cross-motion [Dkt. No. 9] and opposition to Defendant's motion [Dkt. No. 8] are identical. The Court will accordingly treat them as one in the same.

[2] Although the parties never spell out the meaning of "KFC" as used in the Complaint, this Court is familiar enough with the acronym to discern its meaning.

2

return to defendant's restaurant repeatedly and for many years both as a patron and as a "tester" to determine the accessibility of defendant's restaurant to the disabled.

Plaintiff AFDA is an organization with offices in Cherry Hill, New Jersey that purports to advocate on behalf of individuals with disabilities.

Plaintiffs originally brought suit in the Superior Court of New Jersey, Law Division, Burlington County, alleging violations under the Americans with Disabilities Act ("ADA") and the New Jersey Law Against Discrimination ("NJLAD"). Defendant removed to this Court pursuant to 28 U.S.C. § 1446(a). Defendant then moved to dismiss, and plaintiff cross moved.

## II.   JURISDICTION

Plaintiffs raise a claim under the ADA, 42 U.S.C. § 12101, et seq., and the NJLAD, N.J.S.A. 10:5-12, et seq. This Court has jurisdiction over Plaintiffs' federal claim pursuant to 28 U.S.C. § 1331, and exercises its supplemental jurisdiction over the related state law claim pursuant to 28 U.S.C. § 1367.

## III.   DISCUSSION

### A.   Standard for Motion to Dismiss

Defendant only challenges the standing of ADFA to bring suit in federal court. Accordingly, for ADFA's claims to survive, they must show that they have standing to pursue the claims alleged. *See, e.g.*, *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1147 (2013); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). To satisfy the standing requirement of Article III, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely

speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000).

The elements of standing "are not mere pleading requirements, but rather an indispensable part of the plaintiff's case" and as such "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof." *Defenders of Wildlife*, 504 U.S. at 561. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice . . . ." *Id.*

"A motion to dismiss for want of standing is properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012) (quoting *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007)) (internal quotations and alterations omitted). The standard for evaluating a motion under Rule 12(b)(1) is the same as that for a motion brought under Rule 12(b)(6)—the Court must accept as true all material allegations set forth in the complaint an construe the facts in favor of the non-moving party. *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

**B.     AFDA's Standing**

With respect to suits by organizations, federal courts recognize standing in two instances: (1) where the organization itself suffered an injury and wants to vindicate its own rights; and (2) as a representative of its individual members when the individual members themselves have standing to bring the same claims. *Pa. Prison Soc'y v. Cortes*, 508 F.3d 156, 162–63 (3d Cir. 2007) (citations omitted). Here, AFDA does not satisfy the standing test under either theory.[3]

---

[3] This is not the first time this Court has been called upon to address the standing of AFDA in a suit brought in conjunction with a named plaintiff to enforce the ADA and the NJLAD. *See Vandeusen v. Mabel Realty of Bordentown, LLC*, Civ. No. 12-0330 (JEI/AMD), 2012 WL

4

The only allegations made in the complaint with respect to AFDA are that "Plaintiff [AFDA] . . . and its members have suffered and will continue to suffer direct and indirect injury as a result of this discrimination." (Compl. at ¶ 12.) The complaint itself does not make entirely clear whether AFDA is claiming it is suing in its own right, but the certification in support of the cross-motion makes clear that they are alleging that they have standing in this respect. (Brady Cert. at ¶ 7.)

With respect to standing to sue in its own right, AFDA has pleaded no facts to support such a finding. A mere recitation that AFDA has suffered injury is insufficient to satisfy the standing requirements of Article III for itself. Accordingly, there can be no standing for AFDA to sue to vindicate its own rights.

AFDA has also failed to prove that it has standing to sue in a representative capacity. In order to have standing as a representative, an organization must show (1) its members would otherwise have standing to sue in their own right; (2) the interests the suit seeks to protect are germane to the organization's purpose; and (3) neither the claim asserted nor the relief requested requires the participation in the lawsuit of each of the individual members in the lawsuit. *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977).

With respect to the first prong of the *Hunt* test, the Third Circuit has explained, "the plaintiff organization must 'make specific allegations establishing that at least one identified member had suffered or would suffer harm.'" *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247,

---

1664116, at *2 (D.N.J. May 11, 2012) (dismissing AFDA for lack of individual and associational standing); *Vandeusen v. Bordentown Investors, LLC*, Civ. No. 08-3207 (NLH), 2009 WL 235551, *4–*5 (D.N.J. Jan. 29, 2009) (same); *see also Abbott v. Tacconelli's Pizzeria, LLC*, Civ. No. 10-1901 (JBS/AMD), 2010 WL 3359533, *5–*7 (D.N.J. Aug. 24, 2010) (dismissing AFDA for lack of standing based on lack of capacity to bring suit due to not then existing as a juridical entity).

280 (3d Cir. 2014) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 498 (2009)). AFDA has not provided this Court with the identity of any members or alleged in the complaint that any of its members has suffered an injury as a result of Defendant's actions. Failure to do so is fatal to AFDA's standing.

Further undermining AFDA's representative standing is the request in the Complaint for damages on behalf of AFDA. (*See* Compl. at ¶ 12.) "It is almost a bright-line rule . . . [that] 'damages claims usually require significant individual participation, which fatally undercuts a request for associational standing.'" *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 207 (D.N.J. 2003) (quoting *Pa. Psychiatric Soc'y v. Green Spring Health Servs., Inc.*, 280 F.3d 278, 284 (3d Cir. 2002)).

AFDA has failed to prove it has standing to sue under either of the theories provided for organizations to bring suit in federal courts.[4] Therefore, Defendant's motion to dismiss AFDA as a party for lack of standing will be granted, and accordingly Count II of the Complaint will be dismissed.

### C. Dismissal Without Prejudice

In its response to Plaintiffs' Cross Motion, Defendant requests that this Court dismiss AFDA with prejudice. (Def.'s Resp. [Dkt. No. 10] at 2–3.) The basis for requesting this dismissal with prejudice appears to be that AFDA would lack standing to bring its claims in the courts of New Jersey. (*Id.*) While it is appropriate for this Court to decide issues of state law, it

---

[4] AFDA provides no meaningful opposition to Defendant's motion to have AFDA dismissed for lack of standing. The only opposition offered by AFDA is to rhetorically question Defendant's motives, remarking: "In regard to AFDA, it is unusual that the Defendant removed the case from State Court to this Court. If indeed it is the Defendants [sic] position that this Court does not have jurisdiction, then why did it remove to Federal Court?" (Brady Cert. at ¶ 5).

is inappropriate for this Court to decide the jurisdiction of the state court whose actions it has no authority to review.

Further, the Third Circuit in other cases dismissing organizations for lack of standing has in fact reversed the district court for dismissing the case with prejudice. *See Goode v. City of Phila.*, 539 F.3d 311, 313 (3d Cir. 2008) (affirming the district court's decision, but ordering modification to permit the plaintiff to institute a similar action in the state courts). Once this Court has dismissed AFDA for lack of standing, which is a jurisdictional issue, this Court cannot reach the merits of AFDA's claims. *See In re Orthopedic "Bone Screw" Prods. Liab. Litig.*, 132 F.3d 152, 155–56 (3d Cir. 1997) ("If a court then determines that it lacks subject matter jurisdiction, it cannot decide the case on the merits. It has not authority to do so."). However, because this Court properly retains jurisdiction over the claims of Pavlak against Defendant, the case cannot be remanded. Instead, the dismissal of AFDA will be without prejudice. Therefore, Defendant's motion will be denied to the extent it seeks dismissal of AFDA with prejudice.

### D. Motion for More Definite Statement

Defendant's Motion also seeks a more definite statement from Pavlak, arguing that the pleading is "so vague and ambiguous that the party cannot reasonably prepare a response." (Def.'s Mot. at 6 (quoting Fed. R. Civ. P. 12(e)). Pavlak, through his attorney's certification, has offered to amend the complaint in order to provide a more definite statement. (Brady Cert. at ¶ 4). With this proffered consent, the portion of Defendant's motion seeking a more definite statement is granted as unopposed. Pavlak will have thirty (30) days from the date of entry of the accompanying order to amend his complaint.

### E. Plaintiffs' Cross Motion to Dismiss

AFDA's Cross Motion requests that this Court permit it to dismiss the ADA claim and then remand the matter to state court for want of jurisdiction. Having dismissed AFDA for lack of standing, the Cross Motion is moot.[5]

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss AFDA for lack of standing will be granted-in-part and denied-in-part, and the Motion for More Definite Statement as to Plaintiff Pavlak's claims will be granted as unopposed. Plaintiffs' Cross Motion to Dismiss will be dismissed as moot. An appropriate order accompanies this opinion.

Date:  December  16th , 2015

        s/ Noel. L. Hillman
        NOEL L. HILLMAN, U.S.D.J.

---

[5] The Cross Motion makes no offer to dismiss Pavlak's ADA claim, and even if it did, this Court would still retain jurisdiction, as Defendant removed to this Court asserting both federal question and diversity jurisdiction. (Notice of Removal [Dkt. No. 1] at ¶¶ 4, 6–12; Def.'s Reply at 4–5).